IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ASHLEY SLATTEN, *et al.*, )
                          )
           Plaintiffs,    )
                          )
vs.                       )   Case No. CIV-15-1180-D
                          )
JIM GLOVER CHEVROLET LAWTON, )
LLC, *et al.*,            )
                          )
           Defendants.    )

**O R D E R**

Before the Court is Defendant Jim Glover Chevrolet Lawton, LLC's Motion to Compel Arbitration and Stay Proceedings [Doc. No. 11].[1] Relying on a Dispute Resolution Clause ("DRC") signed by Plaintiff Ashley Slatten ("Mrs. Slatten"), Defendant seeks to enforce an arbitration agreement pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16.[2] Plaintiffs have timely opposed the Motion on multiple grounds, including that their federal claims are not arbitrable, Mrs. Slatten's signature was procured by fraud, a fee-splitting provision of the DRC is unconscionable and makes it unenforceable, and Plaintiff Jonathan Slatten ("Mr. Slatten") is not bound by the DRC. In reply, Defendant contends the facts presented by Plaintiffs do not establish fraud, Mr. Slatten can be bound under an estoppel

---

[1] The other named defendants, GM Financial, LLC and General Motors, LLC, have answered but have made no filings regarding the Motion. For purposes of this Order, the movant will be referred to as "Defendant."

[2] The Motion also cites Fed. R. Civ. P. 12(b)(1), but does not challenge subject matter jurisdiction. Defendant removed the case to federal court pursuant to 28 U.S.C. § 1441 based on original jurisdiction under 28 U.S.C. § 1331.

theory, and the DRC's fee-splitting provision does not render it unenforceable. The Motion is fully briefed and at issue.

## Factual and Procedural Background

This case concerns Plaintiffs' purchase of a 2011 Chevrolet Cruze from Defendant on August 13, 2011. Plaintiffs allege that multiple, repeated mechanical failures and unsuccessful repairs rendered the Cruze unsafe and unmerchantable but that Defendant has refused to rescind the purchase agreement and the related retail installment sales contract. In their pleading, Plaintiffs seek rescission and damages based on claims of breach of warranty; breach of contract; common law fraud; violation of the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, §§ 751-764.1; violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-12; and intentional infliction of emotional distress. Defendant timely removed the case to federal court based on Plaintiffs' assertion of a claim arising under federal law.

## Defendant's Motion

As stated above, Defendant seeks to enforce an arbitration agreement in the DRC. Identical versions of the DRC were contained in a written purchase agreement regarding the vehicle and a separate document that was allegedly part of the sales transaction. Defendant relies on the allegations of Plaintiffs' pleading and evidentiary materials submitted in support of the Motion, including a copy of the purchase agreement dated August 13, 2011; a color copy of a form agreement to illustrate that the DRC section of the document was printed in

2

red ink; and a separate DRC document dated August 5, 2011. Plaintiffs have responded in kind, submitting evidentiary materials that include Mrs. Slatten's affidavit; copies of the retail installment sales contract and a written warranty procedure contained in the owner's manual; and a document represented to be billing statements for a similar arbitration proceeding in 2014 (Pollock v. David Stanley Dodge, L.L.C.), which show the cost of the arbitrator's services totaled almost $30,000.

Plaintiffs dispute parts of Defendant's statement of facts in support of its Motion, and argue additional facts designed to show that the DRC is unenforceable. Although both of the DRC documents appear to be signed by Mrs. Slatten, she attests in her affidavit that she did not knowingly sign them. Mrs. Slatten states that multiple documents were presented for her signature after she, her husband, and their two-year old child had been forced to wait at the dealership for seven hours on the day of the sales transaction; Defendant's finance manager prevented her from reading the content of the documents; he misrepresented the purpose of her signature on the purchase agreement; and he did not disclose that she was signing an arbitration agreement. Mrs. Slatten states the separate DRC document is dated eight days earlier than the purchase agreement because it was executed as part of a separate sales transaction for a different vehicle, which Defendant rescinded because the financing was not approved.

Plaintiffs request a jury trial to determine the validity of the arbitration agreement, as authorized by the Federal Arbitration Act. *See* 9 U.S.C. § 4. According to the court of

appeals, "[w]hen parties dispute the making of an agreement to arbitrate, a jury trial on the existence of the agreement is warranted unless there are no genuine issues of material fact regarding the parties' agreement." *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997). Defendant contends any disputed facts and the facts asserted by Plaintiffs are not material to enforcement of the arbitration agreement.

**Discussion**

The Federal Arbitration Act provides that "an agreement in writing to submit to arbitration an existing controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. The Act "reflects the fundamental principle that arbitration is a matter of contract." *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010). Under the Act, a court decides "gateway" issues that determine the arbitrability of a dispute, such as whether the parties are bound by a given arbitration clause and whether the arbitration clause applies to a particular controversy. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002); *Rent-A-Center*, 561 U.S. at 68-69. In so doing, federal courts may apply state law principles that govern the validity, revocability, and enforceability of contracts. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996). "The final phrase of § 2" or the "saving clause permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their

4

meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility*, 563 U.S. at 339 (quoting *Doctor's Assoc.*, 517 U.S. at 687); *Rent-A-Center*, 561 U.S. at 68.

Federal courts have recognized, however, an "effective vindication" exception to the enforcement of an otherwise valid arbitration agreement. *See Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2310 (2013); *Nesbitt v. FCNH, Inc.*, 811 F.3d 371, 376-77 (10th Cir. 2016). The exception reflects "a willingness to invalidate, on 'public policy' grounds, arbitration agreements that 'operat[e] . . . as a prospective waiver of a party's right to pursue statutory remedies.'" *Am. Express*, 133 S. Ct. at 2310 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 n.19 (1985); alterations by the Court in *Am. Express*; emphasis omitted); *see Nesbitt*, 811 F.3d at 377.

The Tenth Circuit applied this exception in *Shankle v. B-G Maintenance Management of Colorado, Inc.*, 163 F.3d 1230, 1234 (10th Cir. 1999), to deny enforcement of an arbitration agreement that required an employee bringing statutory claims against his employer to pay half of the arbitrator's fees. The court held that "an arbitration agreement that prohibits use of the judicial forum as a means of resolving statutory claims must also provide for an effective and accessible alternative forum." *Id*. The agreement in *Shankle* did not satisfy this requirement because it contained a fee-splitting provision, the employee "would have had to pay an arbitrator between $1,875 to $5,000 to resolve his claims," and he could not afford this amount. *Id*. Finding that "the prohibitive cost substantially limited use of the arbitral forum," the court of appeals concluded that the arbitration agreement was

5

unenforcable under the Federal Arbitration Act. *Id*. at 1235. The court therefore affirmed the district court's refusal to compel arbitration. *Id*. at 1236.

More recently in *Nesbitt*, the Tenth Circuit considered what showing a party must make to resist arbitration under this exception. The court was asked to consider the impact of the Supreme Court's intervening decision in *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79 (2000), "that the party 'seek[ing] to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive . . . bears the burden of showing the likelihood of incurring such costs.'" *Nesbitt*, 811 F.3d at 378 (quoting *Green Tree*, 531 U.S. at 92). As pertinent here, the court of appeals rejected the defendants' argument that the plaintiff failed to satisfy her burden because the arbitration agreement provided for application of the rules of the American Arbitration Association and she did not explore the possibility of deferred or reduced arbitration fees under those rules, which permit a fee waiver for a party in financial need. *See id*. The court instead accepted the plaintiff's view "that being at the mercy of the arbitrator's discretion as to whether to defer or reduce her share of the arbitration fees is not the same as the protections of the [federal wage statute under which her claims were asserted]. *Id*. (internal quotation omitted).[3]

The undisputed facts of this case, as presented by the parties and supported by the evidentiary materials submitted with their briefs, are that Plaintiffs bought the 2011 Cruze

---

[3] The court endorsed a statement in *Shankle* that the mere possibility that an arbitrator could shift fees by awarding them as costs if the plaintiff was successful on the merits, was insufficient to prevent a finding of unconscionability. *Nesbitt*, 811 F.3d at 378-79 (discussing *Shankle*, 163 F.3d at 1234, n.4).

vehicle from Defendant pursuant to a purchase agreement that contained the DRC signed by Mrs. Slatten. The DRC provided in full as follows:

DISPUTE RESOLUTION CLAUSE

Any controversy, claim or dispute between the Purchaser and the Dealer arising out of, or related to this sale, and any financing contract or agreement executed by the Purchaser in conjunction with the sale of the vehicle described herein, or any alleged breach thereof, shall be submitted to binding arbitration, with the American Arbitration Association, pursuant to the Federal Arbitration Act, Title 9 U.S.C. § 1, et seq. The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes will be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and contract, including but not limited to, money damages, declaratory relief, and injunctive relief. <u>Arbitration shall be conducted in compliance with the rules of the American Arbitration Association.</u> All procedures pertinent to or conducted prior to arbitration shall be conducted in conformity with the Federal Rules of Civil Procedure. Any evidence submitted by the parties shall be accepted by the arbitrator in conformity with the Federal Rules of Evidence. The award rendered by the arbitrator(s) will be entered as a judgment in a court having jurisdiction over the parties. Both the Purchaser and Dealer acknowledge and understand that they are waiving their right to a jury trial by entering into this agreement. It is agreed between the parties that the party filing the arbitration claim shall be responsible for the filing fee. <u>The cost of the arbitrator's fee shall be equally divided between the parties</u>. The prevailing party of any dispute submitted to arbitration shall be entitled to attorney's fees and costs as allowed by Oklahoma Statutes. Dealer and Purchaser agree that if Dealer must hire legal counsel to enforce or defend Dealer's legal rights under this Dispute Resolution Clause, Purchaser will pay to Dealer its attorney fees and costs incurred by Dealer in Dealer's successful defense of Dealer's rights.

PURCHASER:_____ DEALER:_____

Def.'s Mot. Compel Arbitration, Ex. 1 [Doc. No. 11-1] (emphasis added).

Defendant does not dispute Plaintiffs' assertion that they cannot afford to pay their share of an arbitrator's fee, nor challenge as insufficient Plaintiffs' showing that enforcement of the arbitration agreement would be cost prohibitive. Defendant instead relies on the American Arbitration Association's rules providing for a reduction or shifting of the arbitrator's fees and expenses in cases of financial hardship. This possibility is insufficient under *Nesbitt*.[4] Therefore, the Court finds that enforcement of the arbitration agreement in this case would prevent the effective vindication of Plaintiffs' statutory claims under the Magnuson-Moss Warranty Act and that the DRC is unenforceable under the Federal Arbitration Act.

## Conclusion

For these reasons, the Court finds that Defendant has failed to show that it is entitled to an order compelling arbitration or a stay of this action until an arbitration is completed.

IT IS THEREFORE ORDERED that Defendant Jim Glover Chevrolet Lawton, LLC's Motion to Compel Arbitration and Stay Proceedings [Doc. No. 11] is DENIED.

IT IS SO ORDERED this 29th day of June, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that *Nesbitt* was decided after the parties' briefs were filed, but Defendant has not asked to supplement its briefs in light of the court of appeals' decision.