IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ASHLEY SLATTEN, *et al.*,            )
                                     )
         Plaintiffs,                 )
                                     )
vs.                                  )   Case No. CIV-15-1180-D
                                     )
JIM GLOVER CHEVROLET LAWTON,         )
LLC, *et al.*,                       )
                                     )
         Defendants.                 )

**O R D E R**

Before the Court is Defendant Jim Glover Chevrolet Lawton, LLC's Motion to Reconsider [Doc. No. 26], which seeks relief from the Order of June 29, 2016, denying a prior motion to compel arbitration.[1] Plaintiffs have timely opposed the Motion, which is fully briefed and at issue.[2]

Defendant's previous motion sought to enforce an arbitration agreement contained in the Dispute Resolution Clause ("DRC") of a written purchase agreement between the parties, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16. One issue raised by the motion, argued by the parties, and decided by the Court, was whether a fee-splitting provision of the DRC, which would require Plaintiffs to pay half of the arbitrator's fee, was unconscionable and rendered the DRC unenforceable. The Court found that Plaintiffs had sufficiently shown

---

[1] The Motion states it is filed pursuant to Fed. R. Civ. P. 59(e), but this rule is inapplicable. Rule 59(e) authorizes a district court to alter or amend a judgment; the Motion seeks reconsideration of an interlocutory order. However, the same standard of decision applies, as discussed *infra*.

[2] Other named defendants, GM Financial, LLC and General Motors, LLC, have remained silent regarding arbitration, and are disregarded for purposes of this Order.

they could not afford their share of the fee and enforcement of the DRC would be cost prohibitive. The Court further found "that enforcement of the arbitration agreement in this case would prevent the effective vindication of Plaintiffs' statutory claims under the Magnuson-Moss Warranty Act and that the DRC is unenforceable under the Federal Arbitration Act." *See* Order of June 29, 2016 [Doc. No. 25], p.8. The Court rejected Defendant's argument in support of enforcing the fee-splitting provision of the DRC that, if it caused financial hardship, Plaintiffs could seek relief under a rule of the American Arbitration Association permitting a reduction or shifting of the arbitrator's fee and expenses in such cases. *See* Def.'s Reply Supp. Mot. Compel Arbitration [Doc. No. 18], p.10 (arguing the proposition that "The Fee Splitting Provision Is Not Unconscionable"). The Court found the possibility of obtaining future relief from the arbitrator was insufficient under *Nesbitt v. FCNH, Inc.*, 811 F.3d 371 (10th Cir. 2016).

Defendant now asks the Court to revisit its ruling based on an argument that *Nesbitt* is inapplicable because it involved the American Arbitration Association's commercial rules rather than the consumer rules that would govern Plaintiffs' claims. In a complete change of position, Defendant argues that the fee-splitting provision of the DRC is unenforceable because it is contrary to the Consumer Arbitration Rules, a copy of which are submitted as Exhibit 2 to the Motion. According to Defendant, this conflict creates an ambiguity in the DRC that permits Oklahoma rules of contract interpretation to be used to strike the fee provision. Defendant specifically asks the Court "to disregard the unconscionable fee-splitting provision and enforce the $200 consumer cap" imposed by the newly-asserted

2

Consumer Arbitration Rules. *See* Def.'s Mot. Reconsider [Doc. No. 26], p.6 (hereafter, "Motion"); Def,'s Reply Br. [Doc. No. 28], p.8. If the fee-splitting provision is disregarded, Defendant argues, the DRC is otherwise enforceable and requires an order compelling arbitration. *See* Motion, p.8.

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see Warren v. American Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007). However, a district court has inherent power to revise interlocutory orders at any time before the entry of a final judgment. *See Warren*, 507 F.3d at 1243; *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see Van Skiver*, 952 F.2d at 1243. "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012; *see United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

In this case, Defendant acknowledges this standard for obtaining reconsideration of an order but fails to show it is satisfied under the circumstances. The only argument on this point appears in the conclusion of Defendant's reply brief, which states: "[Defendant] is not attempting to assert new arguments or facts in its Motion to Reconsider; rather [Defendant]

3

seeks reconsideration to correct clear error or prevent manifest injustice where there has been a misapprehension of the facts." *See* Def.'s Reply Br. [Doc. No. 28], p.10. The Court finds the first half of this statement to be disingenuous. Defendant has made a complete about-face of its position regarding the fee-splitting provision, as discussed *supra*, and argues new facts, including the alleged applicability of the Consumer Arbitration Rules.

The Court also is not persuaded by Defendant's statement that reconsideration will prevent error and injustice. The time for Defendant to denounce the fee-splitting provision of the DRC and assume responsibility for paying the full arbitrator's fee, if at all, was when arguing its motion to compel arbitration based on the alleged agreement in the DRC. The Court finds no injustice in declining to consider a new interpretation of the DRC asserted in the instant Motion, or a belated attempt to enforce the arbitration agreement on terms different from its written provisions. Defendant is plainly advancing arguments that could have been raised in prior briefing and seeking a second bite at the proverbial apple. *See United States v. Nacchio*, 555 F.3d 1234, 1252 (10th Cir. 2009) ("Courts are not disposed to allow litigants to have two or more bites at the proverbial apple.") (en banc).

IT IS THEREFORE ORDERED that Defendant Jim Glover Chevrolet Lawton, LLC's Motion to Reconsider [Doc. No. 26] is DENIED.

IT IS SO ORDERED this 7th day of September, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

4